**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
:
PIERRE JOHNNY JOSEPH,              :
                                   : Civil Action No. 05-1640 (DRD)
         Plaintiff,                :
                                   :
     v.                            :         **O P I N I O N**
                                   :
DETECTIVE JAMES LOPEZ, et al.,     :
                                   :
         Defendants.               :
_____:

**APPEARANCES:**

Pierre Johnny Joseph, Plaintiff pro se
2-2 SM
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**DEBEVOISE**, District Judge

   Plaintiff Pierre Johnny Joseph, currently detained at the Passaic County Jail in Paterson, New Jersey, seeks to bring this action in forma pauperis. He alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

On or about June 22, 2002, Plaintiff was arrested while waiting for a ride on the street. According to the police report submitted with the complaint, Plaintiff pointed to another man when an undercover officer attempted to buy drugs from him.[1] He was searched incident to the arrest and officers confiscated $198.00 off his person.

Plaintiff insisted to officers that he had nothing to do with the drug sale, and that it was all a big mistake, but the officers told him to "explain that to the judge and good luck in court." Plaintiff, along with the co-defendant, were charged with various drug crimes. Plaintiff was indicted by a grand jury; however, on April 11, 2003, all charges against him were dismissed on motion of the prosecutor. According to Plaintiff the dismissal was based upon the guilty plea and sentence of the co-defendant who admitted that Plaintiff had not conspired with

---

[1] Plaintiff is referred to as "Reginald Marcelin" in the police records and state court papers.

him.  It appears that Plaintiff was incarcerated at some point or the entire time between his arrest and the dismissal of charges.

Liberally construing the instant complaint, Plaintiff contends that his due process rights were violated, he was falsely arrested, illegally searched, maliciously prosecuted, and falsely imprisoned.  He states that due to the false charges and incarceration he suffered irreparable injury and loss of property, and pain and suffering.

### DISCUSSION

**A.   Standard of Review**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within

>      the jurisdiction thereof to the deprivation of any
>      rights, privileges, or immunities secured by the
>      Constitution and laws, shall be liable to the party
>      injured in an action at law, suit in equity, or other
>      proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's False Arrest and False Imprisonment Claims Appear to Be Time-Barred.**

Civil rights claims are best characterized as personal injury actions and they are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

Here, the statute of limitations began to run on the date that the defendants allegedly harmed Plaintiff by falsely arresting him and illegally searching him, i.e., June 22, 2002. See Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d

582, 599 (3d Cir. 1998)(a section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based); Montgomery, 159 F.3d at 126 (false arrest claim accrues at time of the arrest); Rolax v. Whitman, 175 F. Supp.2d 720, 727-29 (D.N.J. 2001)(fact that plaintiff was unreasonably searched was apparent to plaintiff at the time of the search, and statute of limitations began to accrue at time of arrest).

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current §§ 1915(e)); Rounds v. Baker,

6

141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F. Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).

Plaintiff's complaint alleges that the events surrounding his arrest, associated false imprisonment, and search and seizure took place in June of 2002.[2] An affidavit provided by Plaintiff and attached to the complaint is signed and dated March 23, 2005, more than two years later. Plaintiff alleges no facts that would suggest a basis for either statutory or equitable tolling.[3]

---

[2] The claims for false arrest, false imprisonment, and illegal search and seizure accrued on or about June 22, 2002. A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action." Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994) (quoting Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982)). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

[3] New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

Nevertheless, Plaintiff may be able to allege facts which demonstrate that these claims should not be dismissed as untimely. See, e.g., Wilson v. Garcia, 471 U.S. at 269 (unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application). Accordingly, the Court will dismiss these claims, without prejudice, and allow Plaintiff to file a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15 to allege facts demonstrating that the false arrest, false imprisonment, and illegal search and seizure claims should not be dismissed with prejudice as time-barred.

**D.   Plaintiff's Malicious Prosecution Claim May Proceed.**

In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as

---

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

it has developed over time, <u>Hilfirty v. Shipman</u>, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217, 222 (3d Cir. 1998); <u>Luthe v. Cape May</u>, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  See <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  <u>Gallo</u>, 161 F.3d at 222 (quoting <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 116 (2d Cir. 1995)); <u>see</u> <u>Albright v. Oliver</u>, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date the plaintiff receives a favorable termination of the prior criminal proceeding.  See <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994).

In the instant case, Plaintiff has alleged facts indicating that his malicious prosecution claim may have merit.  Therefore, the Court will allow this claim to proceed and order Defendants to answer the allegations.  See <u>Alston v. Parker</u>, 363 F.3d 229,

233 n.6 (3d Cir. 2004)(stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms).

**E.     Plaintiff's Application for Pro Bono Counsel Will Be Dismissed, Without Prejudice.**

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte.* See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).  The plaintiff has no right to counsel in a civil case.  See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of the plaintiff's claim to determine if it has "some arguable merit in fact and law."  See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted). If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined:  (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the

case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf.  See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time.  See Tabron, 6 F.3d at 157-58.

In this case, Plaintiff's complaint was recently filed, and the defendants have not yet been served.  While it appears from the face of the complaint that Plaintiff's claims could possibly have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate." Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of proceedings the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses.

Likewise, in the case at issue, the Court finds that Plaintiff is capable of presenting his claims at this early stage. He has presented to this Court without the assistance of counsel not only a Complaint, but also the instant motion for appointment of counsel, and a motion to proceed in forma pauperis. The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel. In that case, the Court will consider a renewed motion for appointment of counsel. At this point in the litigation, however, Plaintiff's motion for appointment of counsel will be denied, without prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiff's false arrest, false imprisonment, and illegal search and seizure claims will be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. Plaintiff's malicious prosecution claim will be permitted to proceed. Plaintiff's motion for counsel will be denied, without prejudice.

An appropriate Order accompanies this Opinion.

                                         /s/Dickinson R. Debevoise
                                          DICKINSON R. DEBEVOISE
                                        United States District Judge

Dated: August 15th, 2005