<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**PIERRE JOHNNY JOSEPH,**   :
:
        **Plaintiff,**   :
:   Civil Action No. 05-1640 (DRD)
:
v.   :
:   OPINION
**DETECTIVES JAMES LOPEZ,**   :
**CHRIST, FAULKNER, NUNEZ,**   :
**BARETTO, SGT. BURGOS,**   :
**DETECTIVE CANTALUPO,**   :
**ESSEX COUNTY TASK FORCE S.I.U**   :
:
:
        **Defendants.**   :
:

---

Appearances by:

Pierre Johnny Joseph
2-2 SM
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

    *Pro Se* Plaintiff

Gary S. Lipshutz, Esq.
City of Newark - Department of Law
920 Broad Street
Room 316 - City Hall
Newark, NJ 07102

    Attorney for Defendants Lopez, Burgos and Cantalupo

**DEBEVOISE, United States Senior District Judge**

This matter comes before the Court on motion by Defendants Detectives James Lopez, Miguel Nunez and Linda Cantalupo (collectively referred to as "Defendants") for dismissal of the above captioned matter for failure to respond to discovery requests. For the reasons set forth herein, Defendants' motion will be granted and Plaintiff's Complaint will be dismissed without prejudice.

## BACKGROUND

Plaintiff commenced a civil action against Defendants by filing a Complaint in this Court on March 28, 2005. In his Complaint, Plaintiff asserted that he was arrested without probable cause and was falsely accused of violating the law which ultimately resulted in his wrongful conviction and incarceration. On September 30, 2005, the Court ordered dismissed Plaintiff's request to amend his complaint to assert claims of false arrest but permitted Plaintiff to proceed on his claim for malicious prosecution.

On April 19, 2006, Defendants propounded interrogatories upon Plaintiff and sent them to him First Class Mail, Return Receipt Requested at his place of incarceration. Plaintiff failed to respond to the discovery requests, or to contact Defendants' counsel, prior to the expiration of the thirty-day period allowed for the service of answers. See Fed. R. Civ. P. 33(b)(3). On June 19, 2006, as a result of Plaintiff's failure to respond, Defendants' counsel wrote to Plaintiff, via First Class Mail, Return Receipt Requested, in good faith to obtain the outstanding discovery responses. Again, Plaintiff failed to respond. Therefore, Defendants filed a motion to compel discovery on August 2, 2006. Defendants' motion to compel discovery was granted by the magistrate judge, and Plaintiff was ordered to provide fully responsive answers to the

interrogatories not later than November 1, 2006.

Although, on October 2, 2006, Plaintiff served responses to Defendants' discovery requests, Defendants claim that at least three (3) of the twenty-eight (28) answers to interrogatories were insufficient. On October 30, 2006, Defendants' counsel communicated this insufficiency to Plaintiff and also advised him that, if he failed to respond more fully within fifteen 15 days, Defendants would seek the appropriate relief from the Court. Although Defendants' October 30, 2006 correspondence was not returned as "undeliverable," Plaintiff failed to respond.

On November 16, 2006, Defendants' counsel wrote to the Essex County Prosecutor to obtain a copy of Plaintiff's file and Plaintiff was sent a copy of Defendants' request. Plaintiff's copy, however, was returned to counsel with the notation on the envelope that Plaintiff had been released from incarceration on October 18, 2006. Plaintiff did not notify the Court or Defendants of his change of his address.

Defendants, then, on February 11, 2007, filed a motion to dismiss for the Plaintiff's alleged failure to provide proper responses to his discovery demands and his failure to comply with the September 19, 2006 order of the magistrate judge.

## DISCUSSION

The Court may "dismiss the action . . . or any party thereof" for the plaintiff's failure "to obey an order to provide or permit discovery" and "to serve answers or objections to interrogatories." Fed. R. Civ. P. 37(b)(2)(C), (d). Dismissal of an action pursuant to Rule 37 is "a matter for the discretion of the trial court." Curtis T. Bedwell & Sons v. Int'l Fid. Ins. Co., 843 F.2d 683, 691 (3rd Cir. 1988). Although a "Rule 37(b)(2)(C) dismissal is a serious sanction, [i]n

certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." Hicks v. Feeney, 850 F.2d 152, 156 (3rd Cir. 1988). See also Smith v. County of Monmouth, 2006 U.S. Dist. LEXIS 45967, 4 (D.N.J. July 7, 2006).

In determining whether to dismiss pursuant to Rule 37, the Court must balance the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). Ciaverelli v. Stryker Med., 29 Fed. Appx. 832, 833-34 (3d Cir. 2002). The Poulis factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphasis omitted). The Plaintiff -- who is *pro se* -- has failed to obey the orders of the magistrate judge, and, thus, it appears that he is (a) personally responsible for the delay, (b) dilatory, and (c) demonstrated willful conduct. Smith v. County of Monmouth, 2006 U.S. Dist. LEXIS 45967, 4 (D.N.J. July 7, 2006); see also Rogers v. Patterson, 1998 U.S. Dist. LEXIS 23320 (E.D. Pa. Oct. 30, 1998) (granting motion under Rule 37 due to *pro se* plaintiff's failure to honor discovery obligation). "Pro se plaintiffs cannot be held to the same strict standards as attorneys, but they also cannot be excused from compliance with the plain text of the federal rules and court orders." Palmer v. Sec. Nat'l Bank, 2001 U.S. Dist. LEXIS 11473, No. 00-287, 2001 WL 877584, at *3 (E.D. Pa. June 13, 2001). Therefore, the first and fourth Poulis factors appear to weigh against the Plaintiff in this matter.

In assessing dilatoriness, the Court must consider a party's conduct over the course of the entire case. Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d

863, 875 (3d Cir. 1994). In addition to demonstrating a history of dilatoriness by his failure to obey the order of the magistrate judge, Plaintiff has also demonstrated a history of dilatoriness by willfully failing to comply with this District's rules governing a change of address, which require that "[c]ounsel and/or unrepresented parties must advise the Court of any change in their or their client's address within five days of being apprised of such change by filing notice of said change with the Clerk." See L. Civ. R. 10.1. "Failure to file a notice of address change may result in the imposition of sanctions by the Court. Id. As evidenced by the notation on the envelope of Plaintiff's copy of Defendants' November 16, 2006 letter to the Essex County Prosecutor, Plaintiff was released from prison as of October 18, 2006. Yet, in the ensuing five months, he has failed to notify the Court of his change of address.

In addition, Plaintiff has demonstrated a history of dilatoriness by failing to respond to the instant motion which is presently before this Court. Therefore, the second factor of Poulis also weighs against Plaintiff.

Moreover, Plaintiff's failure to respond to discovery requests, including his failure to proceed as directed by the magistrate judge, has prejudiced the Defendants in their defense of this action, which is almost two years old. See Palmer, 2001 U.S. Dist. LEXIS 11473, 2001 WL 877584, at *4 (Plaintiff's failure to respond to discovery requests resulted in defendant being "stymied" in his efforts to address the merits of the case). Because of the Plaintiff's failures, the Defendants have had to seek judicial intervention twice.

Most critically, however, Defendants are prejudiced by Plaintiff's failure to advise the Court of his current address, because Defendants, as well as the Court, are unable to serve documents on Plaintiff. Not only will Plaintiffs' failure result in further delays, it will impede

Defendants' ability to defend this case. Thus, the third Poulis factor weighs against Plaintiff.

Further, because Plaintiff has failed to advise the Court of his current address, it would be impossible to impose sanctions other than dismissal on Plaintiff. Because there is no way to locate him to impose sanctions other than dismissal of his complaint, "it appears that a sanction other than dismissal of the complaint . . . -- such as a monetary sanction -- will engender more delay and be ineffective." Smith v. County of Monmouth, 2006 U.S. Dist. LEXIS 45967, 7-8 (D.N.J. 2006); see also Butler v. Beneficial Mgmt. Corp., 2000 U.S. Dist. LEXIS 14002, No. 99-3320, 2000 WL 1428682, at *2 (E.D. Pa. Sept. 27, 2000) (where plaintiff appears to be unable to pay a monetary sanction, imposing a monetary sanction would have little effect). Thus, the fifth Poulis factor weighs against Plaintiff.

Under the circumstances, it is not possible for the Court to assess the meritoriousness of Plaintiff's complaint because he has not acted to support the bare allegations that he made in his complaint. Therefore, "[t]he sixth Poulis factor -- the merits of the claim -- appears to be neutral." See Smith v. County of Monmouth, 2006 U.S. Dist. LEXIS 45967, 7-8 (D.N.J. 2006).

## CONCLUSION

For the foregoing reasons, Defendants' motion will be granted, and Plaintiff's Complaint will be dismissed without prejudice as to Defendants Lopez, Nunez, and Cantalupo. An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: April 11th, 2007